| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | **12 CV 7304** |

------------------------------------------------------------X

ANA SUAREZ,

                     Plaintiff,           **COMPLAINT**

   -against-                         **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK; POLICE
SERGEANT LARRY LOPEZ, Shield No. 004985;
POLICE OFFICER LOUIS ORTIZ, Shield No.
012587; POLICE OFFICER WESLEY DENGLER,
Shield No. 006557; POLICE OFFICER ABNER
RIVERA, Shield No. 29518; JOHN DOES;
RICHARD ROES,

                  Defendants.

------------------------------------------------------------X

(RECEIVED SEP 28 2012 U.S.D.C. S.D.N.Y. CASHIERS)

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff ANA SUAREZ seeks relief for the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.    This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of her claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on September 20, 2011. Plaintiff also filed a Notice of Claim with the Comptroller of the City of New York on August 15, 2012 concerning her claim for malicious prosecution. More than 30 days have elapsed since service of these Notices of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff ANA SUAREZ was at all times relevant herein a resident of the State of New York, New York County.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and

for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9. Defendants POLICE SERGEANT LARRY LOPEZ, Shield No. 004985; POLICE OFFICER LOUIS ORTIZ, Shield No. 012587; POLICE OFFICER WESLEY DENGLER, Shield No. 006557; POLICE OFFICER ABNER RIVERA, Shield No. 29518; and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants Defendants POLICE SERGEANT LARRY LOPEZ, Shield No. 004985; POLICE OFFICER LOUIS ORTIZ, Shield No. 012587; POLICE OFFICER WESLEY DENGLER, Shield No. 006557; POLICE OFFICER ABNER RIVERA, Shield No. 29518; and JOHN DOES, are sued individually and in their official capacity.

10. Defendants POLICE SERGEANT LARRY LOPEZ, Shield No. 004985 and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York

City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE SERGEANT LARRY LOPEZ, Shield No. 004985 and RICHARD ROES are sued individually and in their official capacity.

## STATEMENT OF FACTS

11. On July 13, 2011, Plaintiff was enjoying the day at Orchard Beach in the Bronx.

12. Plaintiff was not intoxicated, and was in good and peaceful spirits.

13. At approximately 3:00 p.m., as she was preparing to leave the beach, she was approached by approximately four JOHN DOE Defendants, on information and belief Defendants LOPEZ, ORTIZ, DENGLER, and RIVERA.

14. These officers asked Plaintiff about some garbage that was on the ground.

15. Plaintiff responded that she did not know anything about the garbage.

16. Plaintiff did not throw or put any garbage on the ground, and did not otherwise litter in any way.

17. The officers asked for her identification, and she provided it to them.

18. One of the officers went to his car to run a check on her identification, and returned with a summons for Plaintiff for littering.

19. The summons was signed by Defendant RIVERA.

20. Plaintiff complained that she had not littered, and that it was not her garbage.

21. Plaintiff also told the officer who gave her the summons that she would report him.

22. The officers told Plaintiff – entirely without lawful justification – to leave the beach.

23. Plaintiff, however, was leaving the beach anyway, and walked up a set of stairs, to leave.

24. When Plaintiff arrived at the top of the stairs, one of the officers, on information and belief Defendant LOPEZ, was there.

25. Defendant LOPEZ then asked Plaintiff why she was still there.

26. Plaintiff responded that she was leaving.

27. Plaintiff, although manifesting irritation at the harassment by the police, was not acting violently or aggressively towards Defendant LOPEZ in any way.

28. Without any cause or justification, Defendant LOPEZ shot Plaintiff in the face with copious amounts of pepper spray.

29. Plaintiff began to scream when she was shot in the face with the pepper spray, and tried to wipe the pepper spray from her face.

30. Other JOHN DOE Defendants came over, and the officers threw Plaintiff on the ground with excessive force, manhandled her, and handcuffed her.

31. Plaintiff – who suffers from asthma and was hyperventilating – complained that she was unable to breathe.

32. Emergency medical technicians (EMTs) arrived on the scene.

33. Plaintiff was lying on the ground, rear-cuffed, when the EMTs arrived.

34. Plaintiff was then placed on a stretcher, and both of her hands were cuffed to the stretcher.

35. The EMTs then gave Plaintiff a sedative shot, which caused Plaintiff to lose consciousness.

36. On information and belief, Plaintiff was first taken, in police custody, to Jacobi Hospital, and then was taken to Elmhurst Hospital.

37. When Plaintiff regained consciousness the following morning, she was in the psychiatric unit of Elmhurst Hospital, being held against her will.

38. Someone had removed her clothes without her knowledge or permission, and placed a hospital gown on her.

39. At approximately 1 p.m., other police officers took Plaintiff to Bronx Central Booking.

40. Plaintiff was held at Central Booking for another day, and then brought to court and released on her own recognizance.

41. Plaintiff was falsely charged with Resisting Arrest, Obstruction of Governmental Administration, Harassment in the Second Degree, and Disorderly Conduct.

42. The signatory on the Criminal Court Complaint, which is rife with lies, is Defendant ORTIZ.

43. The Criminal Court Complaint falsely charges that Defendant ORTIZ is informed by Defendant LOPEZ that Plaintiff threw a bag on the ground, that Plaintiff refused to leave the beach, and that Plaintiff started screaming, flailing her arms, and tucked her arms into her chest

refusing to be handcuffed.

44. The Criminal Court Complaint also falsely charges that Defendant ORTIZ observed Defendant DENGLER remove Plaintiff's handcuffs and attempt to put another pair of handcuffs on Plaintiff, and that Plaintiff put both of her hands close to her chest and refused to be handcuffed. It also falsely charges that Plaintiff struck Defendant ORTIZ in his chest with her head.

45. The Criminal Court Complaint also falsely alleges that upon arrival at Jacobi Hospital Plaintiff kicked her legs, moved her arms, and spat on Defendant ORTIZ's right shoulder, and that Plaintiff stated in Spanish, in sum and substance, "I'm going to kick your ass."

46. Defendant LOPEZ signed a supporting deposition, attesting that the lies in the Criminal Court Complaint that were said to be on information furnished by him were true.

47. During her time in police custody, Plaintiff was subjected to excessively tight handcuffing, which left marks on her wrists.

48. After multiple court appearances, all charges against Plaintiff were dismissed in their entirety on August 1, 2012.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

49. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

50. By their conduct and actions in falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, abusing process against plaintiff, maliciously prosecuting

plaintiff, trespassing upon plaintiff, violating rights to equal protection of plaintiff, violating rights to due process of plaintiff, violating and retaliating for plaintiff's exercise of her rights to free speech and assembly, fabricating an account and/or evidence concerning the arrest of plaintiff, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment she received at the hands of other defendants, defendants LOPEZ, ORTIZ, DENGLER, RIVERA, DOES and/or ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

51.   As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

52.   The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

53.   By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants LOPEZ and RICHARD ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth,

and Fourteenth amendments.

54. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

55. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

56. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

57. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

58. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto

9

policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech in a manner that affronts police officers or is interpreted by police officers as challenging their authority or documenting or reporting their misconduct. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

59.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

60.     As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

61.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

62.     The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the

defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

63. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

## ASSAULT AND BATTERY

64. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

65. By the actions described above, defendants did inflict assault and battery upon the plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

66. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

## FALSE ARREST AND FALSE IMPRISONMENT

67. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

68. By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and

without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

70. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

71. By the actions described above, defendants violated plaintiff's rights to equal protection of law. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

72. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### VIOLATION OF AND RETALIATION FOR THE EXERCISE OF RIGHTS TO FREE SPEECH AND ASSEMBLY

73. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

74. By the actions described above, defendants violated, and retaliated for the exercise of, the free speech and assembly rights of plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

75. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

## TRESPASS

76. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

77. The defendants willfully, wrongfully and unlawfully trespassed upon the person of plaintiff.

78. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

79. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

80. By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or

negligently caused severe emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

81. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

## NEGLIGENCE

82. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

83. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

84. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

85. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

86. Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

87. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

### THIRTEENTH CLAIM

### CONSTITUTIONAL TORT

88. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

89. Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, 9, 11 and 12 of the New York State Constitution.

90. A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 9, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

91. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

### FOURTEENTH CLAIM

### ABUSE OF PROCESS

92. Plaintiff incorporates by reference the allegations set forth in all preceding

15

paragraphs as if fully set forth herein.

93.    By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

94.    As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTHTEENTH CLAIM
## MALICIOUS PROSECUTION

95.    The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

96.    By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

97.    As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was

otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:     New York, New York
           September 28, 2012

_____
JEFFREY A. ROTHMAN, Esq.
315 Broadway, Suite 200
New York, New York 10007
(212) 227-2980

JENNY POUPA MARASHI, Esq.
888 Grand Concourse, # 1J
Bronx, NY 10451
(917) 703-1742

Attorneys for Plaintiff